REID, Judge.
This case is a companion case to the case of Landry v. Ostheimer et al., 140 So. 2d 497, and the reasons set forth for judgment in that case are adopted herein. Accordingly, it is found that the plaintiff, Tanile J. Landry is entitled to judgment herein. The only question is one of quantum.
Mr. Landry submitted proof of medical expenses in connection with his wife’s injuries already incurred totalling $3,203.22. This item is not attacked by defendants.
Mrs. Tanile J. Landry’s attending physician testified that future medical for Mrs. Landry, including physiotherapy, more casts, more x-rays, more splints and office-visits would run a minimum of $1,000.00. This is more than the amount claimed therefor by Mrs. Landry’s husband in his. petition and the trial court properly limited the award to the amount claimed, i. e. $4,- *503 107.09. Defendants complained that this item of damage is excessive and unsupported by the record. However, the uncon-tradicted testimony of Mrs. Landry’s doctor supports it.
Mr. Landry’s injuries and the treatment for them was described as follows in the doctor’s report which was submitted as evidence :
“This patient was examined at Terre-bonne General Hospital on 11-30-58 after having been involved in an automobile accident. He presented an abrasion of the left forehead and right lcnee with some mild contusion of the left anterior chest. He was given a prophylactic injection of penicillin and also an injection of tetanus toxoid. He was x-rayed subsequently at the office. These revealed no evidence of fracture but evidence of contusion. He was managed with oral medication for pain and the use of a rib belt to stabilize his chest wall.”
The trial court awarded $500.00 damages for these injuries. Plaintiff claims on appeal that this award should be increased by his loss of wages for the nine days he lost from work. The plaintiff did •not allege this item of damages in his peti-tion, but offered testimony in support of the same which was received without objection by the defendant. However, the -plaintiff did not either answer the appeal, • or take a separate appeal from the judgment of the lower court disallowing this • claim. Under these circumstances this court cannot increase the judgment by . allowing this claim.
The only other items of damage are Mr. Landry’s own medical expenses in the amount of $45.00 and the net loss of his automobile of $602.16. Both of these awards are correct.
The judgment of the lower court is there-r.fore affirmed.
Affirmed.